UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Civil Action No. 2:09-cv-14413

v.

                                           HON. BERNARD A. FRIEDMAN

ANTHONY G. MICHAEL,

       Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT AND DENYING DEFENDANT'S MOTION TO DISMISS**

**I.      INTRODUCTION**

Plaintiff United States of America, seeking to enforce a settlement with Defendant Anthony G. Michael, moves for summary judgment on the grounds of res judicata. Defendant moves to dismiss on the grounds of res judicata and a lapsing of the statute of limitations.

**II.     FACTS AND PROCEDURAL HISTORY**

This case stems from a settlement entered into by the parties on August 11, 1997. The settlement was made in this Court and involved unpaid federal tax assessments made by the Internal Revenue Service ("IRS") against Defendant regarding penalties for improper tax returns between 1989 and 1991. In 1996, in the case leading up to said settlement, Defendant brought suit in this Court arguing that he was not liable for the penalties. The United States counterclaimed seeking a reduced judgment, and thereafter, the parties settled, placing the terms of the settlement on the record. Defendant's complaint was dismissed with prejudice. The terms of the settlement, in pertinent part, are:

> "As to nine of these tax returns [… Michael] will pay […] $1,000 per return, for a total of $9,000. As to the other 26 returns, the plaintiff will pay […] $250 per return."

Settlement Transcript, at 2:25-3:5.

Furthermore, the Court stated:

> "Done deal. Dismissal with prejudice, without costs, subject to the agreement placed on the record, with the idea either side would have sixty days to reopen should the payments not be made as provided for."

Id., at 5:9-14.

After the August 11, 1997 settlement, Defendant did not pay, or attempt to pay, the $15,500 owed to the IRS. Nor, however, did the United States seek to reopen the judgment. Instead, in 2005, the IRS issued notice of intent to levy for the years at issue for an incorrect amount due for 1989 not consistent with the settlement. Per his right, Defendant demanded and received a Collection Due Process ("CDP") hearing to argue that the assessments were invalid. The CDP occurred in May, 2005, and resulted in the assessment being corrected to reflect the settlement terms. Defendant then petitioned the United States Tax Court to review the decision of the CDP.

In 2008 the Tax Court reviewed the case under an abuse of discretion standard. Both parties moved for summary judgment. The Commissioner conceded that the levy amount for 1989 was not correct with regard to the settlement. Defendant's motion for summary judgment on the amount due for 1989 was granted. Defendant also argued for summary judgment on the grounds that: 1) the Court lacked jurisdiction to sustain the levy stemming from the assessment; 2) respondent failed to make a valid assessment against petitioner; 3) respondent failed to issue a notice and demand for payment for the settlement amount; and 4) a genuine issue of material fact existed because respondent failed to provide the settlement agreement in support of his summary judgment motion. The Tax Court summarily found Defendant's arguments without merit and

found no abuse of discretion on the part of the respondent with respect to the rest of levy. The Commissioner's motion for summary judgment allowing the Government the correct amount of the settlement was granted. Defendant did not appeal the Tax Court's decision to the IRS Office of Appeals.

Thereafter, in November, 2009, the United States filed the present suit seeking enforcement of the settlement, from which the current motions for summary judgment and dismissal arise.

## III. ANALYSIS

### A. RES JUDICATA

The Court has jurisdiction pursuant to 25 U.S.C. § 1345.

The primary issue in this case is one of res judicata, the principle that bars a second suit if the following four criteria are met: 1) the first action resulted in a final judgment on the merits; 2) both actions are between the same parties; 3) the issue in the second action should have been litigated in the first action; and, 4) the claim is identical in both actions. Hatchett v. United States, 330 F. 3d 875, 886 (6th Cir. 2003) (citing Wilkins v. Jakeway, 183 F. 3d 528, 532 (6th Cir. 1999)).

The claims in the instant case - the Government's suit to enforce the settlement - are not identical to the claims in the original suit. In this case, "[i]t must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." Kokkonen v. Gaurdian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). The government never gave up its right to seek enforcement of the settlement, and in seeking enforcement the government brings a new, different suit. The instant claim is based on different

facts from the original claim, namely that Defendant failed, neglected, or refused to make payments in compliance with the settlement. Now, instead of the issue being Defendant's violations under the tax code, the issue is Defendant's failure to live up to his part of the settlement deal. The sixty day term was not included in the agreement so that Defendant could wait sixty days and walk away from the money owed to the IRS. The sixty day term was most likely included as a convenience to the parties.

Additionally, the settlement agreement was not a judgment on the merits of the case. This Court dismissed Defendant's complaint with prejudice, but no issues of facts were adjudicated before the settlement was reached. Defendant's motion to dismiss even asserts that there was "no judgment entered against either party." Def.'s Mot. to Dismiss 1 3.

For the reasons stated above, the claims are not identical and the first claim did not come to final judgment; thus, the Government's new claim to enforce the settlement is not barred by the doctrine of res judicata, and Defendant's motion to dismiss based on such grounds is denied.

### B. SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), summary judgment applies when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. If there can be "but one reasonable conclusion as to the verdict" under governing law, the trial judge must direct a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). For there to be a genuine issue of material fact, there must be some sufficient evidence favoring the nonmoving party such that a jury could return a verdict for the nonmoving party. Id. at 249. If there is no such evidence on the record, and a rationale trier of fact could not find for the nonmoving party, summary judgment is appropriate. Agristor Fin. Corp. v. Van Sickle, 967 F.2d 233, 236 (6th Cir. 1992) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986)).  Summary judgment is appropriately entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Government contends that after Defendant lost in Tax Court, his failure to appeal that decision constituted a waiver of any further arguments on this matter and rendered the Tax Court's decision res judicata.  "The Supreme Court has held that the doctrine of res judicata is completely applicable to federal tax cases." Roberts v. U.S., 423 F. Supp 1314, 1315 (C.D. Cal. 1976).  The Tax Court held that the assessments made by the IRS were valid and did provide basis for the levy action against Defendant.  133 T.C. No. 10 at 10-14.  In so holding, the Tax Court established as a matter of law that the levy was a permissible means for the Government to collect the settlement amount.  Id. at 16.  Defendant had the opportunity to raise any and all pertinent issues before the Tax Court, as well as the opportunity, which he did not take, to appeal the Tax Court's decision.  A Tax Court decision becomes final when a timely notice of appeal is not filed.  26 U.S.C. § 7481(a)(1).  Therefore, the Tax Court's ruling was a final judgment in favor of the Government's position that the Government can collect the settlement amount from Defendant.  The matter was therefore fully adjudicated, satisfying the first criterion of preclusion.

Next, the parties are the same in both cases, satisfying the second element.  The Commissioner of Internal Revenue acts for the United States in the Tax Court, just as the United States Attorney acts for the United States in the instant case.

The third and fourth elements are also satisfied.  There was adequate opportunity to litigate all issues that should have been litigated either in the Tax Court or on appeal, which

Defendant chose not to do.  Also, any further claim Defendant could make would be identical, stemming from the same facts as the present claims and therefore barred.  Klein v. U.S., 86 F. Supp. 2d 690, 699 (E.D. Mich. 1999) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

For a denial of summary judgment, there must be some evidence favoring Defendant as the nonmoving party.  Defendant's motion to dismiss argued res judicata, asserting that the Government's instant suit is barred because the settlement was a final judgment; the suit enforcing the settlement is between the same parties; the Government had the opportunity to argue any and all issues at the settlement hearing, and any issues raised in the instant suit are identical to the issues raised in the previous suit.  But, for the reasons stated *supra*, the suit to enforce the settlement agreement is not barred by the doctrine of res judicata.  The Tax Court, in a final judgment consistent with the doctrine of res judicata, ruled that the government could collect on the settlement. By failing to show that the Government is barred from enforcing the settlement agreement, there is nothing left for Defendant to prove. Any further claims by Defendant on the issue of the settlement would be barred by the Tax Court's decision. Thus, the Government is entitled to summary judgment.

IV.     **ORDER**

Accordingly,

IT IS ORDERED that Defendant's motion to dismiss is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is GRANTED.

Dated: June 8, 2010                        S/Bernard A. Friedman_____
       Detroit, Michigan                   BERNARD A. FRIEDMAN
                                           UNITED STATES DISTRICT JUDGE